UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Head USA, Inc., : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | No. 3:06cv983 (MRK) |
| : | |
| : | |
| JENS ERIK SORENSEN (as Trustee of the : | |
| Sorensen Research and Development Trust), : | |
| AND SORENSEN RESEARCH AND : | |
| DEVELOPMENT TRUST, : | |
| : | |
| Defendants. : | |

## Ruling and Order

On June 23, 2006, Plaintiff Head USA, Inc. ("Head") sued Defendants, seeking a declaratory judgment of invalidity and non-infringement of U.S. Patent No. 4,935,184 (the "'184 patent"). Shortly thereafter, Defendants sued Head in the United States District Court for the District of California alleging infringement of the '184 patent. *See Jens Erik Sorensen as Trustee of the Sorensen Research and Development Trust v. Head USA, Inc.*, Civil Case No. 06cv1434BTN CAB (S.D. Cal.). Currently pending before the Court is Defendants' Motion to Dismiss or Transfer for Lack of Personal Jurisdiction and Improper Venue Pursuant to F.R.Civ.P. 12(b)(2) and 12(b)(3) [doc. # 8]. Defendants assert that this Court lacks personal jurisdiction over them and that the Court should either dismiss this action entirely or transfer the case to the District Court for the Southern District of California.[1] The Court agrees with Defendants that it lacks personal jurisdiction over them. Accordingly, the Court GRANTS Defendants' Motion to Transfer [doc. # 8] this case to the

---

[1] Defendants also claim that venue is improper in this Court, but there is no need to reach that issue in view of the Court's ruling on personal jurisdiction.

United States District Court for the Southern District of California and DENIES as moot Defendants' Motion to Dismiss [doc. # 8].

## I.

A challenge to personal jurisdiction in a patent infringement action or declaratory judgment action involving patents requires a two-fold inquiry: (1) whether the long-arm statute of the state in which the court sits confers jurisdiction over the defendant; and if it does, (2) whether the court's exercise of jurisdiction over the defendant would comport with the constitutional requirements of due process. *See, e.g., Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998); *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1371 (Fed. Cir. 2000); *Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1385 (Fed. Cir. 1998); Fed. R. Civ. P. 4(k)(1)(A). Once the plaintiff demonstrates that jurisdiction is proper under the state's long-arm statute, and the court concludes that "the defendant has purposefully directed his activities at the forum state and . . . the litigation results from alleged injuries that arise out of or relate to those activities," the burden shifts to the defendant to demonstrate "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *See Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361-62 (Fed. Cir. 2006) (internal quotation marks and citations omitted).[2]

---

[2] When a defendant moves to dismiss an action for lack of personal jurisdiction under Rule 12(b)(2) of the *Federal Rules of Civil Procedure*, the plaintiff has the burden of establishing that the court has jurisdiction over the defendant. *Chase v. Cohen*, No. 3:04CV588, 2004 WL 3087557, at *3 (D.Conn. Dec. 29, 2004); *Haynes Constr. Co. v. Int'l Fid. Ins. Co.*, No. 3:03CV1669, 2004 WL 1498119, at *2 (D.Conn. June 23, 2004); *see also In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003); *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). Before discovery, a plaintiff may defeat a motion to dismiss by making a *prima facie* showing through affidavits and other evidence that the defendant's conduct was sufficient to warrant the exercise of personal jurisdiction. *See, e.g., Elecs. for Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1350

In the Court's view, it is doubtful whether Connecticut's long-arm statute confers personal jurisdiction in the circumstances of this case. However, assuming (without deciding) that it does, it is clear in any event that the exercise of personal jurisdiction over the Defendants in this case would violate due process principles as those have been construed by the United States Court of Appeals for the Federal Circuit, whose precedents govern such questions in this patent case. *See LSI Indus.*, 232 F.3d at 1371.

A.  **Connecticut's Long-Arm Statute.**  The relevant Connecticut long-arm statute provides, in relevant part, as follows:

> (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, foreign partnership or foreign voluntary association, . . . who in person or through an agent: (1) Transacts any business within the state; (2) commits a tortious act within the state . . . ; (3) commits a tortious act outside the state causing injury to person or property within the state, . . . if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; (4) owns, uses or possesses any real property situated within the state . . . .

Conn. Gen. Stat. § 52-59b(a). Head bases its claim of jurisdiction on its assertion that Defendants "transact business" within the State of Connecticut. In particular, Head asserts that (1) Defendants have sent letters into the state, which allege that Head and others have infringed the '184 patent and (2) Defendants have licensed Connecticut companies to use the '184 patent. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss [doc. # 22], at 11-12.

---

(Fed. Cir. 2003); *DiStefano v. Carozzi North Am., Inc.*, 286 F.3d 81, 85 (2d Cir. 2001); *see also Haynes*, 2004 WL 1498119, at *2. Both parties have submitted a number of affidavits and documents in support of their positions, all of which the Court has considered in resolving the pending motion.

Affidavits and exhibits submitted in connection with the motion to dismiss show that a California-based lawyer for the Sorensen Research and Development Trust ("Trust" or "Sorensen Trust"), which is based in California, sent two letters into Connecticut in connection with the present matter. On November 10, 2004, the Trust's counsel sent a letter to Head's CEO in Connecticut informing him of the Trust's belief that Head was infringing the '184 patent. *See* Ex. C to Plaintiff's Opposition [doc. # 23]. Thereafter, counsel for the Sorensen Trust sent one other letter to Head in Connecticut in an attempt to negotiate a settlement of the Trust's claim of infringement, a negotiation that was not successful, in view of this lawsuit. *See* Ex. G to Plaintiff's Opposition [doc. # 23]. That is the sum total of Defendants' contacts with Connecticut in connection with the present matter. All other communications with Head were either sent to Italy – where, as Head represents, "[t]he primary decision makers at Head USA . . . are located," *see* Plaintiff's Second Motion for Extension of Time [doc. # 16] at 1 ¶ 3 – or to New Jersey, where Head's counsel is located, *see* Ex. H.

The General Statutes do not define the phrase "transacts any business." Instead, the Connecticut Supreme Court has instructed that "[i]n determining whether the plaintiff's cause of action arose from the defendants' transaction of business within this state we do not resort to a rigid formula. Rather we balance the consideration of public policy, common sense, and the chronology and geography of relevant factors." *Zartolas v. Nisenfeld*, 184 Conn. 471, 474 (1981). The Court seriously doubts that sending from California to Connecticut a single notice of infringement and one other letter in an effort to settle the dispute is the equivalent of "transacting business" in Connecticut. *See, e.g.*, *Estate of Martinez v. Yavorcik,* No. 3:06cv362(JBA), 2006 WL 2927431, at *5 (D. Conn. Oct 12, 2006) ("[C]ourts have in other cases found that minimal contacts with Connecticut by a nonresident defendant, such as mail, phone, and fax communications, occasional visits, and even *pro*

*hac vice* admission to Connecticut courts will not constitute transaction of business within the state.") (cases cited therein); *Rasmussen v. Scinto*, No. 3:06CV99(MRK), 2006 WL 2567862, at *3 (D. Conn. Sept. 5, 2006) ("[T]he transmission of communications between an out-of-state defendant and a [party] within the jurisdiction does not, by itself, constitute the transaction of business in the forum state."); *Bell v. Shah*, No. 3:05CV0671(RNC), 2006 WL 860588, at *2 (D. Conn. Mar. 21, 2006) (finding that setting up a website not directly targeted at Connecticut consumers and sending several emails to be "insufficient to sustain the[] burden of showing that the defendant has transacted business in Connecticut"); *see also Talus Corp. v. Browne*, 775 F. Supp. 23, 27-28 (D. Maine 1991) (sending infringement letters into state is insufficient for exercise of long-arm jurisdiction. "Federal authority makes clear that it is not improper for a patent owner to inform possible infringers of the existence of the patent and to notify potential infringers of [its] belief that a particular product might infringe the patent." *Hale Propeller, LLC v. Ryan Marine Prods Pty., Inc.*, 98 F. Supp. 2d 260, 263 (D. Conn. 2000).

It is a somewhat closer question whether Defendants' licensing activity in Connecticut is sufficient to trigger jurisdiction under Connecticut's long-arm statute. *See generally Vertrue, Inc. v. Meshkin*, 429 F. Supp. 2d 479, 490-91 (D. Conn. 2006). According to the Trust, it has licensed only one entity based in Connecticut to use the '184 patent, Stanley Works.[3] The Sorensen Trust submitted an un-redacted version of the Stanley Works licensing agreement, as well as copies of all

---

[3] Contrary to Plaintiff's claims, the fact that other, non-Connecticut-based licensees of the Trust – for example, DaimlerChrysler – may sell their goods in Connecticut is irrelevant to the question of whether Defendants are transacting business in Connecticut. In any event, because the Trust's licenses with its licensees are all non-exclusive in nature and do not give the Trust control over sales and marketing activities of the licensees, any exercise of personal jurisdiction over Defendants on the basis of such agreements would violate due process principles. *See Red Wing Shoe*, 148 F.3d at 1361-62.

pre- and post-license correspondence, to the Court for its *in camera* inspection, *see* [doc. # 50], and has provided a redacted version of the license agreement to Head.[4]  Stanley Works holds a non-exclusive license to use the '184 patent and sends royalty payments to the Trust.  Under the Stanley Works license, the Trust retains no control whatsoever over the business operations, geographic territory, or business decisions of Stanley Works, or the distribution or marketing of the Stanley Works' products utilizing the '184 patent.  The correspondence, which is quite limited, reflects only a letter of claimed infringement similar to that sent to Head in this case, negotiations of the terms of the license agreement, and payment of royalties.

The Court need not determine (and does not determine) whether Defendants' modest interactions with Connecticut suffice to constitute "transacting business" within the meaning of the Connecticut long-arm statute.  For even if they did, the exercise of jurisdiction over Defendants based upon their limited activities in Connecticut would violate the Due Process Clause, as construed by the Federal Circuit.

**Due Process.**  Recently, the Federal Circuit had occasion to explain its case law regarding personal jurisdiction and to summarize the principles that determine whether the exercise of jurisdiction satisfies the requirements of due process.  In *Breckenridge Pharmaceutical*, Chief Judge Michel comprehensively canvassed the development of, and principles derived from, the Federal Circuit's due process jurisprudence.  *See Breckenridge Pharm.*, 444 F.3d at 1363-66 (discussing *Akro Corp. v. Luker*, 45 F.3d 1541 (Fed. Cir. 1995); *Genetic Implant Sys. v. Core-Vent Corp.*, 123 F.3d 1455 (Fed. Cir. 1997); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998); *Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351 (Fed. Cir. 2002); *Silent Drive, Inc. v. Strong*

---

[4]The license was redacted only to remove descriptions of the consideration.

*Indus., Inc.*, 326 F.3d 1194 (Fed. Cir. 2003)).  In summarizing his court's case law, Chief Judge Michel provided lower courts with a clear and helpful statement of governing principles:

> In sum, our case law has held as follows: where a defendant has sent cease and desist letters into a forum state that primarily involve a legal dispute unrelated to the patent at issue, such as an injunction obtained for misappropriation of trade secrets, the exercise of personal jurisdiction is improper.  *Silent Drive*, 326 F.3d at 1202.  Likewise, a defendant may not be subjected to personal jurisdiction if its only additional activities in the forum state involve unsuccessful attempts to license the patent there.  *Hildebrand*, 279 F. 3d at 1356.  The same is true where the defendant has successfully licensed the patent in the forum state, even to multiple non-exclusive licensees, but does not, for example, exercise control over the licensees' sales activities and, instead, has no dealings with those licensees beyond the receipt of royalty income.  *Red Wing Shoe*, 148 F.3d at 1357-58.
>
> In contrast, the defendant is subject to personal jurisdiction in the forum state by virtue of its relationship with its exclusive forum state licensee if the license agreement, for example, requires the defendant-licensor, and grants the licensee the right, to litigate infringement claims.  *Akro*, 45 F.3d at 1546.  Finally, the defendant will also be subject to personal jurisdiction in the forum state if the exclusive licensee (or licensee equivalent) with which it has established a relationship is not headquartered in the forum state, but nonetheless conducts business there.  *Genetic Implant*, 123 F.3d at 1457-59.
>
> Thus, the crux of the due process inquiry should focus first on whether the defendant has had contact with parties in the forum state beyond the sending of cease and desist letters or mere attempts to license the patent at issue there.  Where a defendant-licensor has a relationship with an *exclusive* licensee headquartered or doing business in the forum state, the inquiry requires close examination of the license agreement.  In particular, our case law requires that the license agreement contemplate a relationship beyond royalty or cross-licensing payment, such as granting both parties the right to litigate infringement cases or granting the licensor the right to exercise control over the licensee's sales or marketing activities.

*Breckenridge Pharm.*, 444 F.3d at 1366.

Applying the teachings of *Breckenridge Pharmaceutical* to the facts of this case, it is readily apparent that any attempt by this Court to exercise personal jurisdiction over Defendants would run afoul of the Due Process Clause.  Defendants' only contacts with Connecticut are: (1)  cease and

desist letters sent from California to Head and Stanley Works in Connecticut; (2) Defendants' unsuccessful attempts to license the '184 patent to Head; and (3) Defendants' successful licensing of the '184 patent to Stanley Works, a non-exclusive license that grants Defendants no control over Stanley Works' sales or marketing activities and that does not contemplate an ongoing relationship beyond royalty payments. This conduct, none of which involves an exclusive license, is insufficient under governing Federal Circuit case law to permit the Court to exercise personal jurisdiction over Defendants consistent with the Due Process Clause. *See, e.g.*, *Breckenridge Pharm.*, 444 F.3d at 1364 ("We held [in *Hildebrand*] that the exercise of personal jurisdiction over [the defendant] would be unconstitutional because all of the contacts were for the purpose of warning against infringement or negotiating license agreements . . . .") (internal quotation marks omitted); *id.* ("We held [in *Red Wing Shoe*] that the mere receipt of royalty income from sales in the forum state was insufficient to ground personal jurisdiction."); *id.* at 1365 ("Because the license agreement . . . obligated the defendant beyond the mere receipt of royalty income, we found [the exercise of jurisdiction to be constitutional]."). Accordingly, even if Defendants' conduct satisfied Connecticut's long-arm statute, this Court could not exercise personal jurisdiction over them without violating due process principles.

## II.

When, as here, a court concludes that it lacks personal jurisdiction over the defendant, the court can dismiss the action or, in the interests of justice, the court may transfer the case under 28 U.S.C. § 1406(a) to a proper district in which both venue and jurisdiction lie. *See, e.g.*, *Songbyrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 179 (2d Cir. 2000) ("[W]hether or not venue [is] proper, lack of personal jurisdiction [can] be cured by transfer to a district in which personal jurisdiction

[can] be exercised, with the transfer authority derived from either section 1406(a) or section 1404(a)."); *Corke v. Sameiet M. S. Song of Norway*, 572 F.2d 77, 80 (2d Cir. 1978) ("[T]he court has power to transfer the case even if there is no personal jurisdiction over the defendants, and whether or not venue is proper in the district, if a transfer would be in the interest of justice.") (internal quotation marks omitted).  In this case, there is already pending in the United States District Court for the Southern District of California an action between the identical parties relating to the '184 patent.  *See Jens Erik Sorensen as Trustee of the Sorensen Research and Development Trust v. Head USA, Inc.*, Civil Case No. 06CV1434BTN CAB (S.D. Cal.).[5]   Because venue and jurisdiction are proper in the District Court for the Southern District of California, rather than dismiss this case outright for lack of jurisdiction, the Court concludes that it is in the interests of justice to transfer the case to the Southern District of California so that this case can proceed, if necessary, in tandem with the already pending action in that court.

### III.

For the foregoing reasons, the Court GRANTS Defendants' Motion to Transfer [doc. # 8] this case to the United States District Court for the Southern District of California and DENIES as moot Defendants' Motion to Dismiss [doc. # 8].  **The Clerk is directed to transfer this case to the United States District Court for the Southern District of California and to close this file.**

---

[5] By Notice [doc. # 47] dated November 16, 2006, Defendants informed the Court that Head had filed an Answer and Counterclaim in the California action.  As a consequence, Defendants argue that transfer is no longer necessary.  However, out of an abundance of caution, the Court concludes that transfer is the most prudent course of action under the circumstances.

IT IS SO ORDERED,


/s/      Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **December 13, 2006**.